UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE SHEPARD,<br><br>    Plaintiff,<br><br>v.<br><br>NATALIE CLARK, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-00462-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 10) |

**I.    Background**

Plaintiff Deandre Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on March 29, 2013, and requested the appointment of counsel. (ECF Nos. 1, 3.) On April 1, 2013, the Court denied Plaintiff's motion for appointment of counsel without prejudice. (ECF No. 6.) On February 3, 2014, Plaintiff filed the instant motion for reconsideration of the Court's order denying appointment of counsel. (ECF No. 10.)

**II.    Discussion**

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted). "A party

1

1  seeking reconsideration must show more than a disagreement with the Court's decision, and
2  recapitulation ..." of that which was already considered by the Court in rendering its decision.  United
3  States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). To succeed, a party must
4  set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.
5  See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986), affirmed in
6  part and reversed in part on other grounds, 828 F.2d 514 (9th Cir.1987).  Additionally, pursuant to this
7  Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or
8  different facts or circumstances claimed to exist which did not exist or were not shown upon such
9  prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

10       By the instant request for reconsideration, Plaintiff primarily reiterates the statements in his
11 original motion for appointment of counsel.  However, Plaintiff now adds that he has a limited formal
12 education, which obscures his ability to understand the law, and he does not have the resources to find
13 a pro bono lawyer.  (ECF No. 10, pp. 2-3.)  These additional facts do not provide a strongly
14 convincing basis to reverse the Court's prior order denying appointment of counsel.

15       As Plaintiff previously was informed, he does not have a constitutional right to appointed
16 counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot
17 require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States
18 District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).
19 However, in certain exceptional circumstances the court may request the voluntary assistance of
20 counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

21       Without a reasonable method of securing and compensating counsel, the court will seek
22 volunteer counsel only in the most serious and exceptional cases.  In determining whether
23 "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the
24 merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the
25 legal issues involved." Id. (internal quotation marks and citations omitted).

26       Plaintiff's lack of education and lack of resources do not demonstrate exceptional
27 circumstances.  This court is faced with cases brought by prisoners in similar circumstances almost
28 daily.  Based on a review of the record in this case, the court does not find that Plaintiff cannot

adequately articulate his claims.  Further, at this early stage in the proceedings, before screening, the court cannot make a determination that Plaintiff is likely to succeed on the merits.  Id.

### III. Conclusion and Order

For the reasons stated, Plaintiff's motion for reconsideration of the Court's order denying appointment of counsel, filed on February 3, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **February 10, 2014**           /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE