UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE SHEPARD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NATALIE CLARK, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-00462-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

**I.     Screening Requirement and Standard**

Plaintiff Deandre Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on March 29, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

1 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.   Plaintiff's Allegations**

Plaintiff is currently housed at Kern Valley State Prison.  The events alleged in the complaint occurred while Plaintiff was housed at California State Prison-Corcoran ("CSP-Cor").  Plaintiff names the following defendants in their individual and official capacities:  (1) Natalie Clark, Correctional Food Manager II; (2) Scott Folks, Supervising Correctional Cook; and (3) Connie Gibson, Warden.

Plaintiff alleges as follows:  Plaintiff was assigned as "Scullary Worker" in the Level IV (SHU) kitchen at CSP-Cor.  The assignment was arbitrarily made by the Inmate Assignment office and Plaintiff did not have the right to refuse or fail to perform the assignment.  Plaintiff had no prior experience prior to being assigned to the position and he did not receive any training upon his assignment.

On July 30, 2012, Plaintiff slipped and fell on a wet floor, while stacking pots and pans.  He injured his head, back and neck, leaving him to suffer continuously from chronic back pain and requiring use of a wheelchair and walker.  The same day, Plaintiff's job sit supervisor, Correctional Officer K. Alexander, prepared and submitted to his post supervisor the following documents:  (1)

Employee's Report of Job Related Injury/Illness to Supervisor; (2) Occupational Accident Injury or Illness Investigation Report; and (3) Workers Compensation Claim Form.

On August 13, 2012, Plaintiff completed and submitted a CDCR Form 602 (Inmate Appeal) to the Inmate Appeals Office. Plaintiff placed the appeal in a box marked "Appeals Box" in his housing unit. The appeal alleged that the injuries suffered by Plaintiff on July 30, 2012, were the result of unsafe work conditions, inadequate protective work gear (boots), lack of training, and lack of proper posted warning signs. Plaintiff requested that he be awarded damages for his injuries.

On September 21, 2012, the Appeals Office cancelled the appeal, asserting that it had not been received until September 20, 2012, and that it was untimely. On September 28, 2012, Plaintiff completed and submitted an Administrative Appeal challenging the cancellation, which was exhausted through the Directors Level of Review.

On February 21, 2013, the Victim Compensation and Government Claims Board rejected Plaintiff's claim.

Plaintiff alleges that Defendants Clark, Folks and Gibson knew or should have known about the hazardous work conditions and lack of safety training in the Level IV kitchen at CSP-Cor. Plaintiff alleges a violation of his right to be free of cruel and unusual punishments in violation of the Eighth Amendment.

Plaintiff seeks damages, along with declaratory and injunctive relief.

**III.    Deficiencies of Complaint**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable section 1983 claim. Plaintiff will be granted leave to amend. To assist Plaintiff, the Court provides the following pleading and legal standards that appear applicable to his claims. Plaintiff should amend only those claims that he believes, in good faith, state a cognizable claim.

**A.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).

1  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is
2  plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual
3  allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–
4  557; Moss, 572 F.3d at 969.

Although Plaintiff's complaint is short, he fails to set forth sufficient facts upon which he bases his claims against the individual defendants. If Plaintiff chooses to amend his complaint, Plaintiff must set forth what each defendant did or failed to do that led to the violation of his constitutional rights.

### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff has failed to sufficiently link Defendants Clark, Folks and Gibson to his constitutional claim. If Plaintiff chooses to amend, then Plaintiff must set forth what each defendant did or failed to do that led to the violation of his constitutional rights.

To the extent Plaintiff seeks to bring suit against Warden Gibson (or any other defendant) based on the role of supervisor, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't

of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss, 711 F.3d at 967-68; Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow v. McDaniel, 681 F.3d 978, 989) (9th Cir. 2012) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation."  Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has not alleged that Warden Gibson (or any other defendant) was personally involved the constitutional deprivation or instituted a deficient policy.

### C.  Eleventh Amendment and Official Capacity

To the extent Plaintiff seeks to bring a damages claim against defendants in their official capacities, he may not do so.  The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities.  Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir.2007).  As such, the Eleventh Amendment bars any claim for monetary damages against defendants in their official capacities.

### D.  Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of

a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Generally, claims regarding slippery floors, without more, do not state a claim for cruel and unusual punishment.  See Thompson v. McMahon, 2013 WL 5220748, *3 (C.D. Cal. Sept. 16, 2013) (citing Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989)).  Rather, there must be exacerbating conditions such that the water posed a serious, unavoidable threat to the safety of Plaintiff and other inmates.  See Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996) (prisoner must plead exacerbating conditions which render him unable to provide for his own safety).

Plaintiff alleges he slipped in water and fell while working in the SHU kitchen and Defendants failed to provide him adequate training, boots and warnings.  However, Plaintiff fails to allege any facts or exacerbating circumstances to state a constitutional violation.  See, e.g., Andrillion v. Stoic, 2011 WL 2493655, *2-4 (D. Ariz. Jun. 23, 2011) (failure to provide prisoner with work boots when assigning him to work in wet and slippery conditions in the kitchen and who was injured failed to state a constitutional violation); Aronian v. Fresno County Jail, 2010 WL 5232969, *3 (E.D. Cal. Dec. 16, 2010) (jail inmate who complained of water leak and later slipped and fell failed to state a cognizable constitutional claim).  Although Plaintiff alleges a safety issue, he has not alleged any facts or circumstances to suggest that Defendants' conduct constituted a constitutional violation.  Plaintiff will be given leave to cure this deficiency to the extent that he can do so in good faith.

///

### E. Declaratory Relief

Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir.1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that a defendant violated Plaintiff's rights is unnecessary.

### F. Injunctive Relief

Plaintiff seeks injunctive relief. However, Plaintiff is no longer incarcerated at CSP-Cor. Instead, he has been transferred to Kern Valley State Prison. As a result, his claim for injunctive relief is now moot. See Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan.25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007).

### IV. Conclusion and Order

Plaintiff's complaint violates Federal Rule of Civil Procedure 8 and fails to state a cognizable section 1983 claim. However, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey</u>, 693 F.3d at 927.  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a cognizable section 1983 claim;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated:   **August 11, 2014**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE