UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE SHEPARD,<br><br>                Plaintiff,<br><br>        v.<br><br>NATALIE CLARK, et al.,<br><br>                Defendants. | Case No.: 1:13-cv-00462-BAM (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br>(ECF No. 15) |

**I.      Screening Requirement and Standard**

Plaintiff Deandre Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 11, 2014, the Court dismissed Plaintiff's complaint with leave to amend within thirty days. (ECF No. 12.) Following extensions of time, Plaintiff's first amended complaint, filed on December 24, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Kern Valley State Prison. The events alleged in the complaint occurred while Plaintiff was housed at California State Prison-Corcoran ("CSP-Cor"). Plaintiff names the following defendants: (1) K. Alexander, Jobsite Supervisor; (2) Natalie Clark, Correctional Food Manager II; (3) Scott Folks, Supervising Correctional Cook; (4) John Doe, Correctional Jobsite Supervisor; and (5) Connie Gibson, Warden. Plaintiff sues Defendants in their individual and official capacities.

Plaintiff alleges: On June 10, 2012, Plaintiff was assigned to CSP-Cor's Security Housing Unit main kitchen. Defendant John Doe was Plaintiff's supervisor and was aware of his duty to instruct and train Plaintiff on how to use and operate equipment in the prison's scullery in a safe manner.

On June 20, 2012, Defendant John Doe gave Plaintiff old/used rubber boots lacking in traction. In July 2012, Plaintiff told Defendant John Doe that the boots lacked traction and caused Plaintiff to

1  constantly lose his footing.  Defendant John Doe told Plaintiff that he was going to place an order for
2  new boots.
3  　　　In July 2012, Plaintiff informed Defendants John Doe, Alexander, Scott and Folks of the
4  constant flooding of water on the floors due to blockage in the drainage located throughout the main
5  kitchen.  Each of the defendants claimed to have submitted a work order, but failed or refused to do so.
6  Plaintiff believes that several kitchen workers complained about the unsafe conditions from the
7  slippery floors.  Plaintiff also alleges that Defendant Gibson was put on notice of the unsafe
8  conditions, but refused to correct them.  Plaintiff believes that Defendant Gibson shut down the
9  kitchen months after Plaintiff's injury due to unsafe conditions in March 2013.
10 　　　On July 30, 2012, while working, Plaintiff slipped on the wet floor and landed on the right side
11 of his back.  The fall caused immediate pain that traveled from the point of impact through his neck,
12 back of his head and spread to his right leg.  After the fall, Plaintiff could not move.  He was taken by
13 ambulance to the prison infirmary.  He was provided medication for pain, which did not help.
14 Approximately one week after falling, Plaintiff was taken to Mercy Hospital and evaluated.  Upon
15 examination, it was discovered that Plaintiff suffered from a non-displaced fracture of the L-1 region
16 of his spine.  Plaintiff had to use a wheelchair and walker.  Plaintiff continues to suffer pain, which has
17 altered his lifestyle and resulted in increased depression medication.
18 　　　Plaintiff seeks compensatory and punitive damages, along with declaratory relief.
19 **III.     Discussion**
20 **A.  Eleventh Amendment and Official Capacity**
21 To the extent Plaintiff seeks to bring a damages claim against defendants in their official
22 capacities, he may not do so.  The Eleventh Amendment prohibits suits for monetary damages against
23 a State, its agencies, and state officials acting in their official capacities.  <u>Aholelei v. Dep't of Public</u>
24 <u>Safety</u>, 488 F.3d 1144, 1147 (9th Cir.2007).  As such, the Eleventh Amendment bars any claim for
25 monetary damages against defendants in their official capacities.
26 **B.  Supervisory Liability**
27 To the extent Plaintiff seeks to bring suit against Warden Gibson based on the role of
28 supervisor, he may not do so.  Supervisory personnel may not be held liable under section 1983 for the

3

actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow v. McDaniel, 681 F.3d 978, 989) (9th Cir. 2012) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has not alleged that Warden Gibson was personally involved the constitutional deprivation or instituted a deficient policy.

**C. Eighth Amendment**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in

prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Generally, claims regarding slippery floors, without more, do not state a claim for cruel and unusual punishment. See Thompson v. McMahon, 2013 WL 5220748, *3 (C.D. Cal. Sept. 16, 2013) (negligence claim arising from prisoner's fall at work not elevated into a federal cause of action). The Ninth Circuit has declared that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment." LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir.1993) (internal quotation marks and citation omitted). Rather, there must be exacerbating conditions such that the water posed a serious, unavoidable threat to the safety of Plaintiff and other inmates. See Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996) (prisoner must plead exacerbating conditions which render him unable to provide for his own safety such that he could not avoid the faulty condition or was unable to perceive it).

Plaintiff alleges he slipped in water and fell while working in the SHU kitchen and Defendants failed to provide him adequate training and boots. However, Plaintiff fails to allege any facts or exacerbating circumstances to state a constitutional violation. See, e.g., Thompson, 2013 WL 5220748 at *3 (allegations that prisoner fell while working in the dining room and that defendants failed to provide him with skid safe shoes did not state a claim for deliberate indifference); Andrillion v. Stoic, 2011 WL 2493655, *2-4 (D. Ariz. Jun. 23, 2011) (failure to provide prisoner with work boots when assigning him to work in wet and slippery conditions in the kitchen and who was injured failed to state a constitutional violation); Aronian v. Fresno County Jail, 2010 WL 5232969, *3 (E.D. Cal. Dec. 16, 2010) (jail inmate who complained of water leak and later slipped and fell failed to state a cognizable constitutional claim). Although Plaintiff alleges a safety issue, he has not alleged any facts or circumstances to suggest that he was unaware of the slippery conditions or that he could not take

care to avoid them.  Further, the failure to provide better work boots does not rise to the level of a constitutional violation.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable section 1983 claim.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint.  Therefore, further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, Plaintiff's complaint is HEREBY DISMISSED for failure to state a cognizable claim.  All pending motions, if any, are terminated.

IT IS SO ORDERED.

Dated:   **January 5, 2015**                    /s/ Barbara A. McAuliffe            _
                                       UNITED STATES MAGISTRATE JUDGE